IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JOHN PISKANIN,** | : | **CIVIL NO. 1:14-CV-2024** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **DR. ANDREW DANCHA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 21st day of November, 2014, upon preliminary consideration of plaintiff's civil rights action pursuant to "U.S. Constitution Amendments 1, 4, 5, 6, 7, 8, 9, 14, Americans with Disabilities Act, Pennsylvania Adult Protective Svcs. Act, Pennsylvania Constitution Article I, § 7 (Retaliation)" (Doc. 1, ¶ 4)[1], in which he seeks to proceed *in forma pauperis* (Doc. 5), 28 U.S.C. § 1915, and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding *in forma*

---

[1]Plaintiff is a state inmate presently incarcerated at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania.

*pauperis* because he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim,[2] and it being evident that there is no

---

[2]The following recitation was set forth in a report and recommendation of former United States Magistrate Judge Malachy E. Mannion, now United States District Court Judge, and adopted by the undersigned in Piskanin, v. FBI, No. 1:12-0909, 2012 WL 4050181, *1 (M.D. Pa. Aug. 8, 2012):

> Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Specifically, in Piskanin v. Banach, *et al.*, 2008 WL 5246165 (E.D.Pa. 2008), plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008).  The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous. Id. at 162.  Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 WL 1684651 (E.D.Pa. 2009).  The district court dismissed this action as frivolous.  Id.  On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous. Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009).  Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. § 1915(g).  Piskanin v. PA Department of Corrections, *et al.*, 2010 WL 3834845 (W.D.Pa. 2010). Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, *et al.*, 2010 WL 4362458 (M.D.Pa. 2010).

indication that plaintiff "is under imminent serious physical injury,"[3] 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are not sufficient to trigger the exception to section 1915(g)), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 5) for leave to proceed *in forma pauperis* is DENIED.

2. The Clerk of Court is directed to VACATE the administrative order (Doc. 7).

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to CLOSE this case.

---

[3]Plaintiff, who identifies himself as a "Federal Law Enforcement Operative Contractor-Employee" ("FLEOCE"), alleges that defendants are conspiring to deny him adequate medical care for his disabilities which "require maintenance, testing, and treatment at proper times and intervals to maintain and sustain plaintiff's life and expected longevity." (Doc. 1, p. 2).

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania